UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES MAY,

                      Plaintiff,

                                          **Hon. Hugh B. Scott**

                                                        **15CV396A**

             v.

                                                        **Report
&
Recommendation**

PAGES IMPOUNDING,

                      Defendant.

---

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 10). Plaintiff, proceeding pro se, sued Page's Automotive & Towing, Inc. (according to this defendant, incorrectly sued as "Page's Impounding" or "Pages Impounding," see Docket No. 17, Def. Page's Automotive & Towing Counsel's status report letter of June 22, 2018). He claims defendant refused to release plaintiff's vehicle after being seized by the Town of Niagara, New York, until after his criminal proceeding concluded and his family paid $3,000 (Docket No 4, Am. Compl., Fourth Cause of Action), among other claims alleged against other defendants. Plaintiff was an inmate when he commenced this action (see Docket No. 1, Compl. at 1; Docket No. 4, Am. Compl. at 4, Verification of Service; see also Docket No. 5, Order of Dec. 14, 2015, at 1).

Plaintiff was granted leave to proceed in forma pauperis with this Court dismissing the other defendants (Docket No. 5). Plaintiff then wrote to the Court Clerk on December 9, 2015,

with his new Brooklyn, New York, address (Docket No. 6). Defendant Page's Automotive & Towing later answered (Docket No. 9).

After referral to the undersigned (Docket No. 10), this Court held a Scheduling Conference (see Docket No. 12), mailing notice to plaintiff at the Brooklyn, New York, address he provided in his December 9, 2015, letter to the Court Clerk (id.; see Docket No. 6) but plaintiff did not appear (Docket No. 13). Defense counsel also failed to appear but later contacted Chambers (id.). This Court entered a Scheduling Order and mailed it to plaintiff's Brooklyn address of record (Docket No. 14).

Deadlines under that Scheduling Order have passed (see id. (dispositive motions due May 25, 2018)) with no activity in this case. This Court ordered the parties to report the status of the action by June 28, 2018 (Docket No. 15, Order of June 1, 2018). That Order included a notice under Irby v. New York City Transit Authority, 262 F.3d 412 (2d Cir. 2001), warning plaintiff that his failure to respond might result in dismissal of his action (id.). Again, a copy of this Order was sent to plaintiff's Brooklyn address of record (id.), but that mail was returned by the United States Postal Service as undeliverable (Docket No. 16).

On June 22, 2018, defendant Page's Automotive & Towing reported that

"Since the date of the Scheduling Conference of 5/24/2017 there has been no contact from or with the plaintiff or anyone acting or appearing on his behalf. No discovery demands have been made or served by the plaintiff or by us on behalf of defendant Page's. The Answer served on behalf of Defendant Page's dated 4/10/17 (Document 9) by regular mail to plaintiff at the address stated in his summons and complaint was not returned as undeliverable. By virtue of the inattention and inactivity of the plaintiff it appears the action has been either disregarded or abandoned by plaintiff, and upon plaintiff's failure to comply with the Text Order of 6/1/2018 (Document 15) it is respectfully requested that the action be recommended for dismissal."

(Docket No. 17, Def. Atty. Letter Status Report.)  According to the Certificate of Service for this letter status report, defendant served plaintiff with the report at his last known and available address in Brooklyn (id. at 2).  Defendant does not indicate that this letter was returned undeliverable by the Postal Service.

Under this Court's Local Civil Rule 5.2(d), a party proceeding pro se "must furnish the Court with a current address at which papers may be served on the litigant," with this Court assuming "that the litigant has received papers sent to the address they provide" as a matter of rule.  The rule further provides that "the Court must have a current address at all times.  Thus, a pro se litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice."  W.D.N.Y. Loc. Civ. R. 5.2(d).  Furthermore, "all pro se litigants shall become familiar with, follow, and comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure" included this Court's Local Rule 5.2, with "failure to comply with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure may result in the dismissal of the case, with prejudice," id., R. 5.2(i).  As previously noted, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions," Gomez-Ka'Dawid v. Wright, No. 08CV6530, 2013 U.S. Dist. LEXIS 36253, at *3-4 (W.D.N.Y. Mar. 15, 2013) (Telesca, J.) (quoting Dansby v. Albany County Corr. Fac., No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (internal quotation omitted)).

Federal Rule 41(b) provides for involuntary dismissal "if the plaintiff fails to prosecute or to comply with these rules or a court order" with dismissal under this rule" operating "as an adjudication on the merits," Fed. R. Civ. P. 41(b).  In Guest v. Clemens, No. 12CV903,

3

2016 U.S. Dist. LEXIS 16522, at *6 (W.D.N.Y. Feb. 9, 2016) (Scott, Mag. J.), this Court considered two different bases for dismissal under Rule 41(b): failure to prosecute or failure to comply with this Court's rules and Orders, including rules requiring pro se litigants to notify this Court of their current addresses. This Court also has the inherent authority to dismiss an action sua sponte without awaiting a defendant's motion, Pagan v. City of Rochester, No. 13CV6150, 2015 U.S. Dist. LEXIS 41242, at *3 (W.D.N.Y. Feb. 13, 2015) (Payson, Mag. J.), adopted, 2015 U.S. Dist. LEXIS 39546 (W.D.N.Y. Mar. 27, 2015) (Telesca, J.); Lopez v. Comm'r of Soc. Sec., No. 14CV6351, 2015 WL 3867954, at *1 (W.D.N.Y. June 25, 2015) (Wolford, J.).

The Second Circuit has listed several factors that must be considered before dismissal of an action for failure to prosecute under Rule 41(b), see Thomson v. Herbert, No. 98CV831, Docket No. 71, 2008 U.S. Dist. LEXIS 63801, at *8-9 (W.D.N.Y. Aug. 18, 2008) (Foschio, Mag. J.) (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004), in support of its dismissal for failure to prosecute). First, the Court must consider the duration of plaintiff's failure to comply with the Court's Order; second, whether plaintiff received notice that further delays would result in dismissal; third, whether defendant is likely to be prejudiced by further delays; fourth, whether the Court has taken care to strike the balance between alleviating court calendar congestion and protecting plaintiff's right to due process and a fair chance to be heard; and fifth, whether the judge has adequately assessed the efficacy of lesser sanctions to dismissal, e.g., Drake, supra, 375 F.3d at 254 (quoted in Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177(2d Cir. 2008) (per curiam)); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (pro se case); Lucas v. Miles, 84 F.3d 532, 535

4

(2d Cir. 1996). No one factor is determinative and the dismissal on this basis is reviewed on the entire record, Drake, supra, 375 F.3d at 251.

Considering these factors, on the duration of plaintiff's delay since filing his Amended Complaint of May 21, 2015 (Docket No. 4), and returning as executed a summons on March 21, 2017 (Docket No. 8), there has been no further word or activity from plaintiff. As noted above, he missed the May 24, 2017, Scheduling Conference (Docket No. 13), he conducted no discovery or motion practice (see Docket No. 17), and the mailing of this Court's June 1, 2018, Order was returned as undeliverable (Docket No. 16). There has been no activity in prosecuting this case for over one year. As for whether plaintiff received notice of the result of his delays, the Order requiring the status report included Irby language warning plaintiff of the consequences if he failed to respond (Docket No. 15). Unfortunately, this Order was returned as undeliverable (Docket No. 16) and plaintiff did not give this Court his current address. Plaintiff apparently received previous notices of served documents, save this Court's June 1, 2018, Order. Since plaintiff did not appear at the Scheduling Conference a year before, he may not have received that notice and the follow up minute entry and Order, but these documents were not returned by the Postal Services as undeliverable.

On defendant's prejudice from further delays, since there has been no activity in this case, the only prejudice facing defendant is the existence of the outstanding (if not enforced) and aging claim against it. This defendant is the sole defendant in this case and only one claim (the detention of plaintiff's vehicle and the $3,000 paid by his family to redeem it) remains in this action. As for the balance between this Court's congested calendar and plaintiff's due process rights to his day in Court, this Court has considered that balance, as well as whether lesser

5

sanctions could keep the case alive yet chide plaintiff for not pursing it. The reason for the status reports from both sides was to afford plaintiff the opportunity to declare his interest in continuing this action, see Guest, supra, 2016 U.S. Dist. LEXIS 16522, at *10 (W.D.N.Y. Feb. 9, 2010) (Scott, Mag. J.).

As for lesser sanctions to dismissal, in violation of this Court's Local Rule 5.2(d), plaintiff has not updated his current address. Under that Local Rule, the possible result for this dereliction is dismissal of the action with prejudice, see W.D.N.Y. Loc. Civ. R. 5.2(d). Plaintiff is aware of this requirement by him updating his address to the Brooklyn address (Docket No. 6). Thus, mailing a second status report Order or an Order to have plaintiff show cause why this action should not be dismissed for failure to prosecute, with Irby-like language warning of failure to respond, to his only address of record would be futile, see, e.g., Guest, supra, 2016 U.S. Dist. LEXIS 16522, at *10. Assuming plaintiff is still outside of this District, this Court does not have even a telephone number or email address to contact plaintiff informally to learn whether he intends to pursue this action or to update his directory information. Since there has been no activity, defendant has not incurred expenses that plaintiff could be sanctionable for his inaction and delay. Fining plaintiff or imposing monetary sanctions also may be futile given both the lack of a current address, see id. at *11, and plaintiff proceeding here in forma pauperis; such a fine (or revocation of in forma pauperis status and requiring payment of filing fees) would require the Court to engage in collection action against an indigent person in an unknown location. Appointment of counsel (not sought by plaintiff) would provide this Court with a contact person and an address for future correspondence but the problem of finding the plaintiff would be passed along to the attorney trying to find their erstwhile client, see id., and the merits

6

and procedural posture of this case do not now warrant such a sua sponte appointment by this Court. Appointed counsel is "(a valued resource) should not have to engage in the search for this client," id., in Brooklyn, this District, or anywhere else, id. As noted previously by this Court in Guest, plaintiff's failure does not appear to be willful, "it may be that plaintiff . . . has no interest in pursuing this action," id.

This Court may dismiss this case under its Local Civil Rule 5.2(d) for plaintiff's failure to update his address with the Court or follow these Local Rules or the Federal Rules of Civil Procedure, W.D.N.Y. Loc. Civ. R. 5.2(d), (i); e.g., Luellen v. Hodge, No. 11CV6144, 2014 U.S. Dist. LEXIS 42527, at *7 (W.D.N.Y. Mar. 28, 2014) (Payson, Mag. J.); Whitehead v. New York, No. 11CV6394, 2013 U.S. Dist. LEXIS 175420, at *5 (W.D.N.Y. Dec. 12, 2013) (Geraci, J.). That rule has its own sanction of dismissal with prejudice, W.D.N.Y. Loc. Civ. R. 5.2(d). Although plaintiff proceeds pro se and "should be afforded greater leeway in regard to his compliance with the Court's procedural rules. . . , his failure to comply with rule regarding updating his address 'is no small matter,'" McCauley v. Cully, No. 06CV6380, 2010 U.S. Dist. LEXIS 15765, at *5 (W.D.N.Y. Feb. 22, 2010) (Bianchini, Mag. J.) (citations omitted; quoting Jackson v. Rabideau, No. 9:04-CV-1096(LEK/GHL), 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007)). Unlike under Rule 41(b), this Court need not weigh the Rule 41 dismissal factors or consider the impact of plaintiff's noncompliance or whether plaintiff had notice of the Local Rule. Again, plaintiff had notice of this Rule by his previous compliance with it by informing the Court of his former Brooklyn address; plaintiff failed to recognize that the Rule was a continuing obligation for the duration of the action (or until he obtained counsel). These rules require plaintiff to become familiar with, follow, and comply with them, including Rule 5.2

and the obligation therein to update his address.  Thus, this Court could dismiss the Complaint on the alterative ground of plaintiff's noncompliance with Local Rule 5.2.

Based upon the above, it is recommended that this action be **dismissed for failure to prosecute** pursuant to Federal Rule of Civil Procedure 41(b) and this Court's Local Civil Rule 5.2.

In the absence of a correct, current address (and despite the futility of mailing to a known incorrect address), Chambers of the undersigned will attempt to send a copy of this Report & Recommendation to plaintiff at the Brooklyn address of record.  As in Guest, supra, 2016 U.S. Dist. LEXIS 16522, at *13, this Court expects that this mail will be returned as undeliverable.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 11, 2018